Filed 10/18/22 P. v. Boland CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C095888 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20-2579) |
| v. | |
| DANIEL EVAN BOLAND, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Evan Boland has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) We will affirm.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110-111, 123-124.)

FACTUAL AND PROCEDURAL BACKGROUND

In November 2020, defendant was driving a pickup truck that had been reported stolen. The ignition switch had been tampered with and there were exposed wires. The owner never gave defendant permission to drive the vehicle.

In August 2021, defendant was out on bail but failed to appear for a required hearing.

Defendant was charged with driving a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)—count 1) and receipt of a stolen vehicle. (Pen. Code, § 496d—count 2.)[1] With respect to both counts, it further was alleged defendant suffered a prior strike. (§ 667, subds. (b)-(j).)

In December 2021, defendant pleaded no contest to count 1 and admitted the prior strike. The court dismissed the remaining allegations. Defendant also entered a no contest plea in a separate case (case No. CRF21-1765) for failure to appear while on bail (§ 1320.5) and admitted a prior strike as to that case. (§ 667, subds. (b)-(j).) In exchange, defendant agreed to a four-year aggregate prison sentence.

In February 2022, the trial court sentenced defendant to prison for an aggregate term of four years, as follows: 16 months for driving a vehicle without the owner's consent in the instant case, plus 32 months for failure to appear in case No. CRF21-1765. The court also imposed two $300 restitution fines (§ 1202.4, subd. (b)), and two corresponding $300 parole revocation restitution fines (suspended unless parole is revoked) (§ 1202.45), an $80 court operations assessment (§ 1465.8, subd. (a)(1)), and a $60 criminal conviction assessment. (Gov. Code, § 70373.) In the instant case, the court also awarded 428 days of custody credit.

Defendant did not obtain a certificate of probable cause on appeal.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right

---

[1] Undesignated statutory references are to the Penal Code.

2

to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


<u>     KRAUSE        </u>, J.


We concur:


<u>     MAURO        </u>, Acting P. J.


<u>     RENNER        </u>, J.